JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
|---|---|---|---|
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Defendant's Motion to Dismiss**

    J.P. Morgan Bank, N.A. ("J.P. Morgan") and the other named Defendants moved to dismiss the first amended complaint ("FAC"). Dkt. No. 24. M&M Consulting Group, LLC ("M&M") opposed. Dkt. No. 29. J.P. Morgan then replied. Dkt. No. 36.

    Both Parties have filed requests for judicial notice ("RJN" or "RJNs") in support of their motions. Dkt. Nos. 25, 29, and 37. The Court **GRANTS** both Parties' requests.

    For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

**1. Factual Background**

    The background below is drawn from M&M's first amended complaint ("FAC"). Certain additional details, as described below, are drawn from materials the Court has accepted as part of both Parties' RJNs.

    *I.    The Program*

    In response to the ongoing COVID-2019 pandemic and the economic damage it has caused, Congress passed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act (P.L. 116-136). Id. ¶ 22. Part of the Act included $377 billion in federally funded loans to small businesses and a $500 billion governmental lending program to be administered by the Department of the Treasury and the Small Business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
|---|---|---|---|

| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al |
|---|---|

Administration ("SBA").  Id.  The Paycheck Protection Program ("PPP"), a part of the CARES Act, temporarily added a new product to the SBA's Loan Program.  Id. ¶ 23.  It provided small loans to businesses, designed to allow these businesses to maintain cash-flow.  Id. ¶ 25.  The Paycheck Protection Program Flexibility Act of 2020 ("PPPEA") added funding to the PPP program.  Id. ¶ 27.

The Paycheck Protection Program Flexibility Act of 2020 ("Flexibility Act") "changed key provisions of the Paycheck Protection Program, including provisions relating to the maturity of PPP loans, the deferral of PPP loan payments, and the forgiveness of PPP loans."  Id. ¶ 28.  In order to receive funds, borrowers could fill out an application to receive funds through certain SBA lenders.  Id. ¶ 26.  The SBA itself would not provide the loans, only the funding.  Id.  Guidance published by the Treasury envisioned a system of independent Agents, hired either by Borrowers or Lenders, who would provide small businesses with assistance in applying for PPP loans.  Id. ¶ 29.

The same program "requires that PPP Agents be paid from a portion of the set fees provided to SBA Lenders for processing the PPP loan."  Id. ¶ 31. Lenders receive a certain portion of the funds given to borrowers, a distinct change from prior SBA 7(a) loan origination.  Id. ¶ 32.  Under the relevant SBA regulations, "Agent fees will be paid by the lender out of the fees the lender receives from SBA. Agents may not collect fees from the borrower or be paid out of the PPP loan proceeds."  Id. ¶ 33.

According to M&M, "[n]owhere in the CARES Act, the SBA SOP, the SBA SOP 2020, or the SBA Regulations does the federal government require, mandate, or even suggest that a Borrower Agent be approved by a Lender, either before or after the Agent assists the Borrower, in order for the Agent to be entitled to its Agent Fee."  Id. ¶ 43.  Further, the Borrower Agent's fees must be paid out of the fees the lender receives from the SBA for originating the loan.  Id. ¶ 44.  In order to receive these funds, the Borrower, the Borrower's Agent, and the Lender must sign a SBA Form 159.  Id. ¶¶ 46-48.  Nowhere in the CARES Act, the SBA regulations, the SOP, or the Form 159 "does the Lender have the power to tell the Borrower they cannot use the Agent of their choosing or decide to not fill out, sign, and submit Form 159."  Id. ¶ 49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

   *ii.*   *The Parties*

M&M is a consulting company that aided borrowers in applying for federally-guaranteed loans through the PPP. FAC ¶ 1. It served as Borrowers' Agent for certain transactions and alleges that J.P. Morgan and the other named defendants failed to pay it its mandatory Agent Fees pursuant to CARES Act and other SBA Regulations. Id. ¶¶ 3-4. M&M provided assistance to Borrowers wishing to take part in the PPP. Id. ¶¶ 52-61.

M&M facilitated loans with J.P. Morgan and First Republic Bank. Id. ¶¶ 10-11. With JP Morgan, M&M helped secure a PPP loan of $700,000. Id. ¶ 10. According to M&M, it is owed $3,500 in fees. Id. With First Republic Bank, M&M helped secure a PPP loan of $40,000. According to M&M, from this loan, it is owed $400. Id. M&M has requested its fees from both J.P. Morgan and First Republic Bank, and both have refused. Id. ¶¶ 10-11.

According to M&M, J.P. Morgan and the other named Defendants did not follow the guidance or rules regarding payment of the Borrower's Agent. Rather, J.P. Morgan and the other named Defendants:

(1) stated they were not paying Agent Fees or failed to respond to Plaintiff's request for Agent Fees; (2) designed their Application process to avoid learning the fact or identity of any Borrower Agents, so the Lender did not have to fill out Form 159; or, (3) even after learning the identity of the Agent, Defendant refused to comply with the SBA SOP and fill out Form 159 and submit it to the SBA after the Borrower's PPP loan was funded.

Id. ¶ 50.

**2.    Procedural Background**

M&M brought this action seeking either a nationwide or statewide class. Id. ¶¶ 62-63. The nationwide class is described as "[a]ll Agents who assisted a business in preparing an Application for a PPP loan pursuant to the CARES Act." Id. ¶ 62. The statewide class is described as "[a]ll Agents who assisted a business in California in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-01318JVS(KESx)    Date  Jan. 6, 2021

Title  M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al

preparing an Application for a PPP loan pursuant to the CARES Act." Id. ¶ 63.

M & M seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, that "Defendants are obligated to fill out, sign, and submit Form 159 to the SBA, set aside money to pay, and to pay the Agent Fees the Borrowers' Agents have earned for the work performed on behalf of their clients that received a PPP loan from the Defendants." Id. ¶ 76. It also alleges unjust enrichment (Id. ¶¶ 77-91), conversion (Id. ¶¶ 92-106), breach of an implied contract (Id. ¶¶ 107-114), a violation of the 'unfair' prong under California Business and Professions Code § 17200 (Id. ¶¶ 115-124), violation of the CARES Act (Id. ¶¶ 125-132), and violations of the SBA's 7(a) program, 15 U.S.C. § 636(a) (Id. ¶¶ 133-138).

## II. LEGAL STANDARD

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Nor must the Court "'accept as true a legal conclusion couched as a factual allegation.'" Id. at 678-80 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 679. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-01318JVS(KESx)                           Date  Jan. 6, 2021

Title  M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al

### III. DISCUSSION

**A.    Requests for Judicial Notice**

Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); see Fed. R. Evid. 201(b).

Because factual challenges have no bearing under Rule 12(b)(6), generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds, Galbraith v. Cnty. of Santa Clara, 307 F. 3d 1119, 1125 (9th Cir. 2002). There are, however, three exceptions to this rule that do not demand converting the motion to dismiss into one for summary judgment. Lee, 250 F.3d at 688. First, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record, but it "cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018), cert. denied sub nom. Hagan v. Khoja, 139 S. Ct. 2615, 204 L. Ed. 2d 264 (2019) (citing Lee, 250 F.3d at 689); see Fed. R. Evid. 201(b). Second, the Court also may take judicial notice of documents attached to or "properly submitted as part of the complaint." Lee, 250 F.3d at 688. Third, if the documents are "not physically attached to the complaint," they may still be considered if the documents' "authenticity . . . is not contested" and the documents are necessarily relied upon by the complaint. Id.; United States v. Corinthian Colleges, 655 F.3d 984, 998–99 (9th Cir. 2011). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint" and cannot be incorporated by reference. Khoja, 899 F.3d at 1002.

The Parties requested that the Court take judicial notice of the following materials. Dkt. Nos. 25, 29, and 37.

1. Order, *Am. Video Duplicating Inc. et al., v. Citigroup Inc. et al.*, No. 2:20-cv-03815-ODW (AGRx) (C.D. Cal. Nov. 16, 2020).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-01318JVS(KESx)              Date   Jan. 6, 2021

Title   M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al

2. U.S. SMALL BUSINESS ADMINISTRATION, *Fee Disclosure and Compensation Agreement for Use with 7(a) and 504 Loan Programs (Form 159 (04-18))* (last visited Sept. 21, 2020), https://www.sba.gov/sites/default/files/2018-09/Form%20159%20-%20%28FINAL%29%209.10.18.pdf.
3. U.S. SMALL BUSINESS ADMINISTRATION, *SBA Needs to Improve Its Oversight of Loan Agents* (last visited Sept. 21, 2020), https://www.sba.gov/sites/default/files/oig/Report_1516_SBA_Needs_to_Improve_Its_Oversight_of_Loan_Agents.pdf.
4. U.S. SMALL BUSINESS ADMINISTRATION, *Paycheck Protection Program Borrower Application Form (Form 2483)* (Apr. 2020), https://www.sba.gov/sites/default/files/2020-04/PPP-Borrower-Application-Form-Fillable.pdf.
5. U.S. SMALL BUSINESS ADMINISTRATION, *Paycheck Protection Lender's Application – Paycheck Protection Program Loan Guaranty (Form 2484)* (June 2020), https://www.sba.gov/sites/default/files/2020-04/PPP%20Lender%20Application %20Form_0.pdf.
6. CQ CONGRESSIONAL TRANSCRIPTS, *House Financial Services Committee Holds Hearing on Treasury and Federal Reserve Pandemic Response* (June 30, 2020), https://plus.cq.com/doc/congressionaltranscripts-5944152?4.
7. Kristy Illzzi, & Jim Brackens, *Small Business Loans Under the PPP: Issues Related to CPA Involvement with PPP Loans* (American Institute of Certified Public Accountants' Center for Plain English Special Report, Durham, N.C.), April 22, 2020.
8. U.S. SMALL BUSINESS ADMINISTRATION, *CARES Act Section 1102 Lender Agreement* (last visited Sept. 21, 2020), https://www.sba.gov/sites/default/files/2020-06/SBA%20Form%203506%20CARES%20Act%20Section%201102%20Lender%20Agreement%2004022020-508.pdf.
9. U.S. DEPT. OF TREASURY, *Paycheck Protection Program (PPP) Information Sheet Lenders* (last visited Sept. 21, 2020), https://home.treasury.gov/system/files/136/PPP%20Lender%20Information%20Fact%20Sheet.pdf.
10. U.S. SMALL BUSINESS ADMINISTRATION, *Standard Operating Procedure 50 10 5 (K) Lender and Development Company Loan Programs*, April 1, 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 20-01318JVS(KESx)                                    Date    Jan. 6, 2021

Title       M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al

11. U.S. SMALL BUSINESS ADMINISTRATION, OFFICE OF THE INSPECTORGENERAL, *Report on the Most Serious Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2020* (Oct. 11, 2019), https://www.sba.gov/sites/default/files/2019-10/SBA-OIG-Report-20-01_0.pdf.
12. Select excerpts of the SBA's Standard Operating Procedure 50 105(K), attached to the Declaration of Michael E. Adler.
13. Paycheck Protection Program Loans – Frequently Asked Questions, attached to the Declaration of Michael E. Adler.
14. CARES Act PPP Funded Loans Summarized from SBA Published Data, attached to the Declaration of Michael E. Adler.
15. SBA Procedural Notice CONTROL NO.: 5000-20036, attached to the Declaration of Michael E. Adler.
16. Order, Brunner v. SVB Financial Group, No. 2:20-cv-04235 (C.D. Cal. Dec. 18, 2020) (Wu, J.).
17. Order, Radix Law PLCv. JPMorgan Chase Bank NA, No. CV-20-01810-PHX-SRB (D. Ariz. Dec. 21, 2020) (Bolton, J.)

All of the documents in the requests for judicial notice contain facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Therefore, the Court takes judicial notice of these materials.

**B. Motion to Dismiss**

*I. Whether the CARES Act and Its Implementing Regulations Entitle M&M to Agent Fees*

The Court first explores whether the CARES Act requires that J.P. Morgan and the other Defendants pay Borrowers' Agent Fees, given that many of M&M's claims against J.P. Morgan rely on that requirement.

In its motion, J.P. Morgan claims that there is no basis for "a self-proclaimed agent with no compensation agreement with Defendant lenders" to be "entitled to fees from lenders for unidentified work for unspecified client borrowers." Dkt. No. 24 at 17. It

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-01318JVS(KESx)                                    Date  Jan. 6, 2021

Title  M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al

reasserts these claims in its Reply. Dkt. No. 36 at 3-6. M&M devotes a significant portion of its Opposition in response to that claim. See generally Dkt. No. 28.

The Court starts with the Section 7(a) Program. Under this program, the SBA guarantees a portion of loans made to small businesses if certain conditions are satisfied. See generally 15 U.S.C. § 636(a).

Under the governing regulations, a small business applying for a Section 7(a) loan may – but is not required to – use an "Agent" for assistance with the application process. 13 C.F.R. § 103.2.2. An "Agent" is defined as an "authorized representative, including an attorney, accountant, consultant, packager, lender service provider, or any other individual or entity representing an Applicant or Participant by conducting business with SBA." Id. § 103.1. These Agents can be empowered to prepare or submit the application on behalf of the applicant. Id. § 103.1(a), (b).

The program also provides a number of guidelines concerning payment of fees to Agents that assist either Borrowers or Lenders. First, "[n]o loan shall be made" unless the applicant "certif[ies] to the Administration the names of any attorneys, agents, or other persons engaged by or on behalf of such [applicant] for the purpose of expediting applications made to the Administration for assistance of any sort, and the fees paid or to be paid to any such persons." 15 U.S.C. § 642. The governing regulations, in turn, clarify that an agent "must execute and provide to SBA a compensation agreement," which "governs the compensation charged for services rendered or to be rendered to the Applicant or Lender in any matter involving SBA assistance." 13 C.F.R. § 103.5(a).

The CARES Act created PPP loans to respond to the pandemic. PPP loans are "guarantee[d]" by the SBA "under the same terms, conditions, and processes as a loan made under" the above-described Section 7(a) loan program, "except as otherwise provided in this paragraph." 15 U.S.C. § 636(a)(36)(B). The following paragraph does not concern Agent Fees. Id. Under the PPP, unlike the Section 7(a) program, Lenders "shall" receive a specified percentage of the loans they originate. Id. § 636 (a)(36)(P)(I). With respect to agent fees, the PPP further provides that an "agent that assists an eligible recipient to prepare an application for a covered loan may not collect a fee in excess of the limits established by the Administrator." Id. § 636(a)(36(P)(II).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 20-01318JVS(KESx)                    Date  Jan. 6, 2021

Title    M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al

      The PPP implementing regulations provides additional details on loan applications and Agent compensation. They first clarify that the "program requirements of the PPP identified in this rule temporarily supersede any conflicting Loan Program Requirement (as defined in 13 C.F.R. 120.10)." 85 Fed. Reg. 20811, 20,812 (Apr. 15, 2020). The regulations state that "[a]gent fees will be paid by the lender out of the fees the lender receives from the SBA...." 85 Fed. Reg. 20816. The implementing regulations also provide that, regarding loan terms and conditions, "[l]oans will be guaranteed under the PPP under the same terms, conditions, processes, as other 7(a) loans" with certain changes related to collateral, personal guarantees, and interest rates. Id. Therefore, the regulations modify the ordinary Section 7(a) procedures by restricting how and how much agents may get paid. Id.

      As discussed above, under longstanding SBA regulations, Agents were only entitled to receive fees for their work in connection with securing a loan when there they first executed a compensation agreement. See generally 15 U.S.C. § 636. Given that the PPP provides that PPP loans are guaranteed by the SBA under the same terms, conditions, and processes as the traditional program, except as otherwise provided, and the implementing regulations supersede any conflicting loan program requirements, the Court must assess what, if any, conflicting provisions exist. See id. § 636(a)(36)(B); 85 Fed. Reg. At 20816.

      M&M asserts that the Interim Final Rule superseded any prior or conflicting loan program requirements. Dkt. No. 28 at 3 (citing 85 Fed. Reg. 20,812 ("The program requirements of the PPP identified in this rule temporarily supersede any conflict Loan Program Requirements.")). M&M cites to three requirements it says conflict with the traditional 7(a) Rules:

> (1) Agents may not collect fees from the Borrower or be paid out of the PPP loan proceeds;
> (2) Agent fees will be paid by the Lender out of the fees the Lender receives from SBA. FAC ¶44; and
> (3) The Administrator, in consultation with the Secretary, determined that Agent Fees are reasonable based upon the application requirements and the fees that Lenders receive for making PPP loans.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

Dkt. No. 28 at 4-5.

      The Court disagrees. The Court cannot find any language that contradicts the existing Loan Program Requirement language related to Agent Fees. As discussed above, the PPP's only mention of Agent Fees provides that "[a]n agent that assists an eligible recipient to prepare an application for a covered loan may not collect a fee in excess of the limits established by the Administrator." 15 U.S.C. § 636(a)(36)(P)(ii). In its Reply, J.P. Morgan notes that the choice of language – using may as opposed to shall or must – indicates that payment is not compulsory. Dkt. No. 36 at 5-6. The Court agrees.

      Much like the court in Johnson, this Court finds that "that language does not create an independent entitlement for agent fees; rather, it simply imposes a limit on the amount of fees an agent is permitted to collect in the event of an agreement for agent fees." Johnson v. JPMorgan Chase Bank, N.A., 2020 WL 5608683, at *8 (S.D.N.Y Sept. 21, 2020). This finding is supported by the different language used in discussing compensation of lenders versus agents. Id. For example, while the implementing regulations provide that agent fees "will be paid" by the lender out of the fees the lender receives, 85 Fed. Reg. at 20,816, the "Administrator shall reimburse a lender authorized to make a covered loan..." 15 U.S.C. § 636(a)(36)(P)(I). "Indeed, if Congress had intended for agents to automatically receive a portion of the lenders' fees, it would have said so." Johnson v. JPMorgan Chase Bank, N.A., 2020 WL 5608683, at *8 (S.D.N.Y Sept. 21, 2020) (citing Keene Corp. v. United States, 508 U.S. 200, 208 (1993) ("When Congress includes particular language in one section of a statute but omits it in another, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.")).

      Because the Court finds that the statutory text and implementing regulations clearly do not guarantee payment or establish a right to payment, the Court does not consider other, less binding, documents proffered by M&M such as the Standard Operating Procedure or Form 159 as a basis for payment.

      Accordingly, the Court holds that, absent an agreement between agent and lender pursuant to the traditional Section 7(a) guidelines, lenders are not required to pay agent fees under the text of the CARES Act or its implementing regulations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

*ii.  Declaratory Relief*

M&M seeks a declaration that "Defendants are obligated to fill out, sign, and submit Form 159 to the SBA, set aside money to pay, and to pay the Agent Fees the Borrowers' Agents have earned for the work performed on behalf of their clients that received a PPP loan from the Defendants." FAC ¶ 76. M&M also seeks a declaration that a "portion of the Lender Fees paid to Defendants must be paid to Plaintiff and the Class." FAC ¶ 77.

"The fundamental basis of declaratory relief is the existence of an actual, present controversy over a proper subject." Otay Land Co. v. Royal Indem. Co., 169 Cal. App. 4th 556, 562 (2008). Generally, "[t]he purpose of a judicial declaration of rights in advance of an actual tortious incident is to enable the parties to shape their conduct so as to avoid a breach. . . .It serves to set controversies at rest before they lead to repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to be used in the interests of preventative justice, to declare rights rather than execute them." Babb v. Superior Court, 3 Cal. 3d 841, 848 (1971).

Therefore, in order for a court go grant declaratory relief, the controversy between the parties "must relate to a claim upon which relief can be granted." Leadsinger, Inc. v. BMG Music Publishing, 429 F. Supp. 2d 1190, 1193 (C.D. Cal. 2005). M&M may seek declaratory judgment under the CARES Act only if there is a private cause of action under that statute.

M&M asserts that there is "an implied cause of action arising under the CARES Act" because the Act, along with other SBA regulations, "provides for the payment of Agent Fees [sic] to authorized representatives who assisted PPP loan applicants with their PPP applications." FAC ¶¶ 127-128.

"[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. Univ. of Chicago, 441 U.S. 677, 688 (1979) (internal quotation marks omitted)).

Any private right to enforce the CARES Act or the SBA's 7(a) program must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

"must be implied from the statute's language, structure, context, and legislative history." Northstar Fin. Advisors, Inc. v. Schwab Investments, 615 F.3d 1106, 1115 (9th Cir. 2010). In order to determine whether a statute contains an implied private right of action in the Ninth Circuit, a court looks at the language and structure of the act for any "rights-creating language" that could imply a Congressional intent to confer such a right. Id. (citing Alexander v. Sandoval, 532 U.S. 275, 288 (2001). Next, a court may assess the legislative history of the act. Id. at 1118.

The Court earlier found that the CARES Act does not require that a Lender pay a Borrower's Agent any fees absent an express obligation to do so. Absent its assertions related to its argument that the CARES Act requires lenders to remit fees to Borrower's Agents even absent an agreement to do so, M&M does not provide any additional argument regarding this issue. See generally, Dkt. No. 28.

Here, the Court finds the reasoning behind the same issue in Johnson instructive:

> There is no language in the CARES Act that suggests Congress intended for agents – who are not even the intended beneficiary of a statute that is designed to get money in the hands of small businesses – to have a private remedy. Indeed, as discussed above, far from creating rights for agents, the CARES Act imposes additional restrictions on the agents, prohibiting them from collecting fees above certain amounts and from applicants.

Johnson, 2020 WL 5608683, at *9; see also Profiles, Inc. v. Bank of Am. Corp., 453 F. Supp. 3d 742, 751 (D. Md. 2020); Sanchez v. Bank of S. Tex., No. 7:20-cv-00139, 2020 WL 6060868, at *9 (S.D. Tex. Oct. 14, 2020); Sport & Wheat, CPA, PA v. ServisFirst Bank, Inc., No. 3:20CV5425-TKW-HTC, 2020 WL 4882416, at *1 (N.D. Fla. Aug. 17, 2020).

As the Court found earlier, neither the language of the CARES Act nor its implementing regulations require lenders pay agent fees. Moreover, nothing behind language in the CARES Act suggests that Congress intended to create an implied private right of action.

Therefore, the Court **GRANTS** J.P. Morgan's motion to dismiss as it relates to

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

M&M's declaratory relief claim.

    iii.    *Unjust Enrichment*[1]

There is no cause of action for unjust enrichment in California. Melchior v. New Line Prods., Inc. 106 Cal. App. 4th 779, 793 (2003). "Unjust Enrichment" describes an effect, not a theory of recovery. Id. "Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself." Id. (internal quotations omitted). As a result, there is "no cause of action in California for unjust enrichment." Id. Even if unjust enrichment were an independent claim, it "does not lie where the parties have an enforceable express contract." Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1370 (2010).

J.P. Morgan asserts that M&M's claim for unjust enrichment fails because first, there is no cause of action for unjust enrichment in California and second, "M&M has no ownership interest in Defendants' lender fees and is not otherwise entitled to agent fees under the PPP." Dkt. No. 24 at 21. In response, M&M claims that it is a cause of action and moreover, that it did "not officiously provide a service" to J.P. Morgan and that J.P. Morgan has benefitted by "retaining the full amount of Agent Fees owed" to M&M. Dkt. No. 28 at 21-22. In its reply, J.P. Morgan reasserts that there is no cause of action for unjust enrichment in California and because M&M has no ownership interest in the lender fees. Dkt. No. 36 at 16-17.

The Court has already found that M&M was not entitled to any fees absent an express agreement that it would receive those fees. That alone is fatal to its claim that

---

[1]The Court acknowledges that J.P. Morgan claims that M&M cannot assert common-law claims to circumvent the absence of a federal private right of action. Dkt. No. 24 at 20. M&M disagrees. Dkt. No. 28 at 18. J.P. Morgan then reasserts this claim in its reply. Dkt. No. 36 at 14-16. The Court examines these claims in light of its earlier finding that the CARES Act does not entitle Borrowers' Agents to fees absent an express agreement to do so.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

J.P. Morgan was unjustly enriched. Regardless, however, unjust enrichment is not a theory of recovery in California.

Therefore, the Court **GRANTS** J.P. Morgan's motion to dismiss M&M's claim for unjust enrichment.

*iv.     Conversion*

Conversion is the "wrongful exercise of dominion over the property of another." Los Angeles Federal Credit Union v. Madatyan, 209 Cal. App. 4th 1383, 1387 (2012); Gruber v. Pacific States Sav. & Loan Co., 13 Cal. 2d 144, 148 (1939) (conversion is the wrongful exercise of dominion "over another's personal property in denial of or inconsistent with his rights therein."). The elements of conversion are "(1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." Los Angeles Federal Credit Union, 209 Cal. App. 4th at 1387.

J.P. Morgan asserts that M&M's claim for conversion fails because the ownership claim it asserts "[r]elies entirely on M&M's incorrect assertion that lenders are required to pay agent fees they never agreed to pay." Dkt. No. 24 at 22. Moreover, even if M&M did have a claim to those fees, it "cannot show that [J.P. Morgan] converted the fees." Id. M&M asserts that it has "a right under the PPP to collect reasonable Agent Fees" and that J.P. Morgan has "retained 'control over' the fees by wholly refusing to pay any Agent Fees under any circumstances." Dkt. No. 28 at 20-21. In its reply, J.P. Morgan asserts that M&M's claim fails because it cannot identify the specific funds or exact amount of fees it seeks and because the claim could be discharged by a payment of money. Dkt. No. 36 at 18-19.

For the same reason that the Court found M&M's unjust enrichment claim to fail, M&M's conversion claim fails as well: M&M cannot allege that the fees J.P. Morgan has control over are M&M's property. The Court found earlier that neither the CARES Act nor its implementing regulations establish a right to Agent Fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

Therefore, the Court **GRANTS** J.P Morgan's motion to dismiss as it relates to M&M's conversion claim.

    *v.*    *Breach of an Implied Contract*

"It is not necessary for the pleader to indicate what kind of 'implied' contract, whether in fact or in law, he relies upon." Weitzenkorn v. Lesser, 40 Cal. 2d 778, 793, 256 P.2d 947, 958 (1953). "The only distinction between an implied-in-fact contract and an express contract is that, in the former, the promise is not expressed in words but is implied from the promisor's conduct." Id. (citing Silva v. Providence Hospital of Oakland, 14 Cal.2d 762, 773 (1939); Grant v. Long, 33 Cal. App.2d 725, 736-737 (1939). Therefore, "[a]n implied-in-fact contract requires proof of the same elements necessary to evidence an express contract: mutual assent or offer and acceptance, consideration, legal capacity and lawful subject matter." Northstar, 779 F.3d at 1050–51.

Here, J.P. Morgan asserts that M&M claim for breach of an implied contract fails because M&M does not allege mutual assent because it "makes no allegations that [J.P. Morgan] ever agreed to compensate it in any amount..." Dkt. No. 24 at 23. Even if an implied contract did exist, M&M's claim would nonetheless fail because it is too uncertain and conflicts with federal law. Id. (citing Cheema v. L.S. Trucking, Inc., 39 Cal. App. 5th 1142, 1149 (2019)). Because M&M does not allege any particulars of the agreement, "including the fundamental issue of how much Defendants allegedly agreed to pay," the claim must fail.

In response, M&M asserts that because J.P. Morgan publicly accepted and funded PPP loans and entered into an agreement that it would comply with the legal requirements of the PPP, its conduct represented to M&M that it would comply with the PPP and Section 7(a) regulations concerning Agent Fees. Dkt. No. 28 at 22-23. By failing to pay fees to qualifying Borrower's Agents, J.P. Morgan violated the implied contract established between it and M&M.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 20-01318JVS(KESx)               Date   Jan. 6, 2021

Title       M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al

     In its reply, J.P. Morgan reasserts that M&M does not allege mutual assent, any implied contract would fail for uncertainty, and finally, any implied contract would conflict with federal law. Dkt. No. 36 at 19-20.

     The Court agrees with J.P. Morgan. M&M fails to allege that mutual assent existed between J.P. Morgan and M&M regarding any agreement to pay those fees. "Mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings." Martinez v. BaronHR, Inc., 51 Cal. App. 5th 962, 967 (2020). J.P. Morgan and the other Defendants refused to remit any fees allegedly owed to M&M and never interacted with M&M prior to those requests. Further, the Court found earlier that there is no requirement that Lenders pay fees to Agents like M&M absent an express agreement to do so. Therefore, even if J.P. Morgan evinced an intent to comply with all legal requirements of the PPP, those requirements did not include paying M&M absent an agreement to do so.

     Under these circumstances, the Court cannot conclude that J.P. Morgan and M&M had mutual assent as to any agreement to pay. Therefore, the Court **GRANTS** J.P. Morgan's motion to dismiss as it relates to M&M's claim for a breach of an implied contract.

     vi.    *Violation of the California Business & Professions Code*

     Section 17200 is part of the Unfair Competition Law, California Busisness & Professions Code Sections 17200—17209, and provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Private causes of action for violations of Business and Professions Code section 17200 are authorized by Business and Professions Code section 17204. Id. § 17204.

     "The California Supreme Court has held that [S]ection 17200 defines 'unfair competition' very broadly, to include anything that can properly be called a business practice and that at the same time is forbidden by law." Chabner v. United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000) (citing Farmers Ins. Exch. v. Superior Court, 2 Cal.4th 377 (1992) (internal quotation marks omitted)). "By proscribing 'any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Cel–Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal.4th 163, 179-186 (1999) (internal quotation marks omitted).

J.P. Morgan asserts that M&M fails to allege any unfair business practices and only alleges that J.P. Morgan "failed to fill out, sign, and submit Form 159" and "concealed and omitted" that "despite holding themselves out as PPP lenders" they would not "pay regulatorily-mandated Agent Fees." Dkt. No. 24 at 24 (citing FAC ¶¶ 117, 121). Because nothing in the CARES Act mandates that a lender fill out a Form 159 and pay agent fees absent an agreement to do so, J.P. Morgan claims that this cause of action must fail.

In response, M&M asserts that J.P. Morgan's "abject failure to pay Agent Fees . . . despite both a legal and moral obligation to do so, constitutes the quintessential 'unfair business practice' prong of the UCL." Dkt. No. 28 at 24. Accordingly, this view – that "it is perfectly acceptable for [M&M] to assist Borrowers with their PPP applications (which undeniably confers a material benefit upon Defendants) without receiving compensation for its time and effort in doing so" – "cannot be condoned by this Court." Id.

In its reply, J.P. Morgan asserts that M&M fails to address a major flaw in its UCL claim – that it cannot recover under the UCL when it does not show that an adequate legal remedy is available. Dkt. No. 36 at 20. It also reasserts similar claims in its original motion.

The Court agrees with J.P. Morgan. Again, the Court notes that neither the CARES Act nor the implementing regulations require that a Lender pay any Agent Fees absent an agreement to do so. Accordingly, M&M argues that failure to comply with this nonexistent requirement constitutes an unfair business practice. "The statutory language referring to "any unlawful, unfair or fraudulent" practice makes clear that a practice may be deemed unfair even if not specifically proscribed by some other law." Cel-Tech, 20 Cal. 4th at 180. However, a plaintiff may thus not "plead around" an "absolute bar to relief" simply "by recasting the cause of action as one for unfair competition." Manufacturers Life Ins. Co. v. Superior Court, 10 Cal.4th 257, 283 (1995).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

Therefore, the Court **GRANTS** J.P. Morgan's motion to dismiss as it relates to M&M's claim for violations of the California Business & Professions Code.

    *vii.*    *Violation of the CARES Act and SBA's Section 7(a) Program, 15 U.S.C. § 636(a)*[2]

The Court next assesses whether Section 7(a) of the SBA also provides a private right of action. M&M asserts that there "is an implied cause of action arising under the SBA's 7(a) Program, as applied through the CARES Act." FAC ¶ 135. J.P. Morgan asserts that there is no private cause of action under the Small Business Act as it provides for enforcement by regulators and not private parties. Dkt. No. 24 at 19.

The Court looks to the statute's language, structure, and context to determine whether an implied cause of action exists. Northstar, 615 F.3d at 1115.

Section 650 empowers the Administrator "to enforce laws governing the lending activities of such lenders under section 636(a)" of the same title. 15 U.S.C. § 650(a)(3). It further provides that "[i]f a small business lending company violates this chapter, the Administrator may institute a civil action in an appropriate district court to terminate the rights, privileges, and franchises of the company...." and that it may even revoke or suspend the lender's loan authority. Id. § 650©); 650(d)(1).

Other courts examining the same (if not similar) issue have found that this broad enforcement power or authority is contrary to and contradicts a congressional intent to create a private cause of action. See Sanchez, 2020 WL 6060868, at *7 ("Indeed, it is precisely this administrative enforcement authority that "tend[s] to contradict a

---

    [2]In assessing whether to grant J.P. Morgan's motion to dismiss M&M's request for declaratory relief, the Court also found that the CARES Act does not provide a private right of action. It therefore does not address that issue here, but nonetheless **GRANTS** J.P. Morgan's motion to dismiss M&M's CARES Act claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 20-01318JVS(KESx) | Date | Jan. 6, 2021 |
| Title | M&M Consulting Group, LLC v. JP Morgan Bank, N,A. et al | | |

congressional intent to create privately enforceable rights .... The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others.").  This Court sees no reason to diverge from that growing consensus.

Therefore, the Court **GRANTS** J.P. Morgan's motion to dismiss as it relates to M&M's Small Business Act Section 7(a) claim.  For the aforementioned reasons, the Court also **GRANTS** J.P. Morgan's motion to dismiss as it relates to M&M's CARES Act claim.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.

|                      |       |  :  | 0 |
|---|---|---|---|
| Initials of Preparer | lmb   |     |   |